Opinion delivered April 22, 1886.

---

[No. 3901.]

## EX PARTE JAMES PATE.

HABEAS CORPUS—CASE APPROVED.—Note the approval of the rule laid down in Fuller and Wimberly's case, 19 Texas Court of Appeals, 241, to the effect that "the writ of habeas corpus will not, under the law of this State, be awarded when the application therefor shows that the applicant is restrained of his liberty by a sheriff, acting under a commitment issued by the district court after trial and judgment of conviction for a felony." In this case the exhibits, which were made part of the application for the writ, show that the accused had been tried and convicted in the district court of Parker county, for cattle theft. The sheriff's return showed that he held the applicant by virtue of the said judgment of conviction. The evidence sustaining the sheriff's return, the trial court refused the relief prayed for, and remanded the applicant to custody. *Held*, that, under the rule announced, the trial judge could, in the first instance, have refused the writ, but, having awarded it and refused the relief, it does not devolve upon this court to pass upon the validity of his action, and the judgment is therefore affirmed.

HABEAS CORPUS on appeal from the District Court of Tarrant. Tried below before the Hon. R. E. Beckham.

The opinion discloses the case.

*McCall & McCall*, for the applicant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.   The exhibits which were made a part of the appellant's application for the writ of *habeas corpus* show that he had been tried and convicted in the district court of Parker county, of the crime of theft of cattle.   The sheriff's return showing that he held him in custody by virtue of such judgment of conviction, and the evidence fully sustaining such return, the court refused to discharge him, but remanded him back into custody, and he appeals to this court.

In the case of Ex parte Fuller and Wimberly, 19 Texas Court of Appeals, 241, the rule announced by our Supreme Court in Ex parte Ezell, 40 Texas, 451, was adopted.   That rule is as follows:   "When the application for the writ of *habeas corpus* shows that the applicant is restrained of his liberty by a sheriff, acting under a commitment issued by a district court after trial and judgment of conviction for a felony, the writ will not be awarded."   Under this rule the court below would have been fully justified in refusing to grant the writ in the first instance. Having, however, granted it when the party was not entitled to it, and having refused to discharge him from custody, we do not feel called upon to inquire into the validity of the action, but affirm the judgment.

*Affirmed.*