spent in jail, served all of his time and that the Harris County theft case was final. He also alleges that he is not being held as a result of that case and that the Louisiana "detainer" had been dismissed.

 He further alleges that on the 16th day of December, 1969, a fugitive charge for an alleged crime in Missouri was filed in Justice Millard's court, and bail was set at $10,000; that on December 19, bail was reduced to $5,000 on this fugitive charge and that such bail is excessive. There is no showing that he has attempted to make the $5,000 bail[1] or has presented an application for habeas corpus because of the alleged excessive bail to any court in Harris County.

The appeal is dismissed and the original application to this Court is denied.

---

1. See Ex parte Benjamin Robert Jones, Tex.Cr.App., 449 S.W.2d 59.

No attorney on appeal for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is an appeal from an order in a habeas corpus proceeding, entered after hearing, remanding appellant to the custody of the Sheriff of Harris County.

Pursuant to the authority granted by Art. 44.35 Vernon's Ann.C.C.P.[1] the court allowed bail in the sum of $1,000 pending appeal.

The record on appeal reflects that appellant is not in custody and not on bond. This court is therefore without jurisdiction to enter any order other than to dismiss the appeal. Ex parte Hawthorne, 151 Tex. Cr.R. 283, 207 S.W.2d 408.

The appeal is dismissed.

---

1. Formerly Art. 857a C.C.P. enacted 1927 (Acts 40th Leg., p. 66, Ch. 43, Sec. 1.)

**Ex parte Johnnie Ray DIXON, Jr.**

**No. 42875.**

Court of Criminal Appeals of Texas.

March 25, 1970.