**Hubert CUSHMAN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46634.**

Court of Criminal Appeals of Texas.

April 11, 1973.

Rehearing Denied May 1, 1973.

Frank P. Dove, Panhandle, James M. Bowers, Pampa, for appellant.

John M. Deavers, II, Dist. Atty., Memphis, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The conviction is for robbery by firearms; punishment was assessed at 30 years' confinement.

The State has improperly filed a motion to dismiss the appeal. Appellant escaped from the Carson County jail on January 16, 1973 and was recaptured that same day. The record on appeal had not been filed in this Court prior to appellant's return to custody of the sheriff following his escape. Since we do not have the authority to grant the State's motion to dismiss, we overrule the same. See McGee v. State, 445 S.W.2d 187 (Tex.Crim.App. 1969).

As best we are able to ascertain, appellant raises two grounds of error. He alleges that since the State chose not to seek the death penalty, they should not have made certain statements during argument. Though we are not referred to any portion of the record, apparently, appellant challenges the following statements by the prosecutor made during the punishment stage of the trial:

"Now, ladies and gentlemen, this is a capital case. This is a death penalty case.

"Now, you are aware that the Supreme Court of the United States has said that capital punishment, as it now stands, is unconstitutional. You should also be aware that the State of Texas did not seek the death penalty in this case. Therefore, under no circumstance, can you, or should you, assess the death penalty in this case. Do not consider the death penalty as a punishment."

Appellant's contention on appeal that the State was barred from referring in any way to the death penalty is not well taken since no objection whatsoever was voiced at the trial. Nothing is presented for review.

The other ground attacks the court's charge, since it recited that the range of punishment was any term of years not less than five, *or death*. (As stated previously, the State had filed a notice of its intention not to seek the death penalty.) Any possible error in the court's charge has not been preserved since the record is void of any objections to the charge.

We find no reversible error. The judgment is affirmed.