Ex parte Alfred Ray BRADSHAW.

No. 50843.

Court of Criminal Appeals of Texas.

Sept. 23, 1975.

Joe E. Taylor, Denison, for appellant.

Charles L. Waldrum, City Atty., and John H. Morris, Asst. City Atty., Bonham, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order in a habeas corpus proceeding brought to reduce bail. The trial court refused to further reduce bail which had been set in the total amount of $65,000. The appellant was charged with committing five burglaries in Fannin County and was being held on fugi-

tive warrants from Mississippi and Oklahoma.

On August 20, 1975, when the appeal was filed and this Court obtained jurisdiction, McGee v. State, 445 S.W.2d 187 (Tex.Cr. App.1969), the appellant was in custody of the sheriff of Fannin County. On September 17th, the State filed a motion in this Court moving that the appeal be dismissed because the appellant had escaped from custody. That motion is supported by an affidavit made by Raymond Taylor, the sheriff of Fannin County, stating that the appellant had escaped from custody either in the night of September 11th, or in the early morning on September 12th, and that he still remained at large on September 15th.

Article 44.09, V.A.C.C.P.,[1] in pertinent part provides:

"If the defendant, pending an appeal in the felony case, makes his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the court shall, on motion of the State's attorney, dismiss the appeal; but the order dismissing the appeal shall be set aside if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped; . . . ."

Article 44.10, V.A.C.C.P., provides:

"When any such escape occurs, the sheriff who had the prisoner in custody shall immediately report the fact under oath to the district or county attorney of the county in which the conviction was had, who shall forthwith forward such report to the State prosecuting attorney. Such report shall be sufficient evidence of the fact of such escape to authorize the dismissal of the appeal."

Is Article 44.09, V.A.C.C.P., applicable to an appeal from an order in a habeas corpus

---

1. See Estelle v. Dorrough, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975), upholding the constitutionality of Article 44.09, V.A.C. C.P.

proceeding brought to obtain a reduction of bail? The Court of Appeals in an early case held that the statute in effect at that time which was almost identical in wording to Article 44.09, V.A.C.C.P., included an appeal from an order in a habeas corpus proceeding brought to obtain bail in a capital case. *Ex parte Wood*, 19 Tex.App. 46 (1885). The appeal in that case was dismissed and it was said the statute was not confined or limited to appeals in felony cases in which the defendant had been tried and *convicted*, but that it was applicable to all appeals in felony cases. *Ex parte Wood*, supra, controls our disposition of this appeal.

The State's motion is granted; the appeal is dismissed.

Opinion approved by the Court.