**Ex parte Paul Walter REID.**

No. 61314.

Court of Criminal Appeals of Texas, Panel No. 2.

May 30, 1979.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

OPINION

DOUGLAS, Judge.

The brief of the Honorable Robert Huttash, State's Prosecuting Attorney, is adopted as the opinion of the Court. It is as follows:

"This is a habeas corpus appeal pursuant to Article 44.34, Vernon's Ann.C.C.P., in which appellant challenges the order of the trial court which remanded to the custody of the Sheriff of Potter County for extradition to the State of Montana.

"The record was filed in this Court on April 18, 1979, and this Court obtained jurisdiction. *McGee v. State,* 445 S.W.2d 187 (Tex.Cr.App.1969); *Ex parte Bradshaw,* 527

S.W.2d 571 (Tex.Cr.App.1975). On April 27, 1979, appellant escaped from the Potter County medium security facility. This is evidenced by the affidavit of Homer Ewton, Captain of Special Services, Potter County Sheriff's Office. See Article 44.10, Vernon's Ann.C.C.P. Based on this affidavit, the State Prosecuting Attorney has filed his motion to dismiss the instant appeal because of appellant's escape from custody. See Article 44.09, Vernon's Ann.C.C.P. This brief is respectfully submitted in support of that motion.

"The State has been unable to find any case which directly holds that an extradition appeal will be dismissed where the defendant escapes from custody. Article 44.09, supra, provides, in pertinent part:

" 'If the defendant, pending an appeal in the felony case, makes his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case. Upon the facts of such escape being made to appear, the court shall, on motion of the State's attorney dismiss the appeal; but the order dismissing the appeal shall be set aside if it be made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped; . . . .'

"*Ex parte Bradshaw,* supra, was an appeal from an order in a habeas corpus proceeding brought to reduce bail. The defendant was charged with committing five burglaries and was being held on fugitive warrants from Mississippi and Oklahoma. There, this Court clearly faced the question of the applicability of Article 44.09, supra, to an appeal from an order in a habeas corpus proceeding brought to obtain a reduction in bail. The Court stated:

" 'The Court of Appeals in an early case held that the statute in effect at the time which was almost identical in wording to Article 44.09, V.A.C.C.P., included an appeal from an order in a habeas corpus proceeding brought to obtain bail in a capital case. *Ex parte Wood,* 19 Tex.App. 46 (1885). The appeal in that case was dismissed and it was said that

the statute was not confined or limited to appeals in felony cases in which the defendant had been tried and *convicted,* but that it was applicable to all appeals in felony cases. *Ex parte Wood,* supra, controls our disposition of this appeal.

" 'The State's motion is granted; the appeal is dismissed.'

"The supporting papers in the instant cause reflect that appellant stands charged in Montana with felony theft. It is respectfully submitted that the reasoning of *Bradshaw* and *Wood* should be extended so as to authorize dismissal of appeals where defendants seek to challenge their extradition to answer felony charges in another state.

"But, even if appellant were not charged with a felony in the State of Montana, the State would still submit that the instant appeal should be dismissed. In the case of *Matter of M. A. G.,* 541 S.W.2d 899 (Tex. Civ.App.-Corpus Christi 1976), writ refused n. r. e., an appeal from an adjudication of juvenile delinquency was dismissed where the juvenile was no longer in the custody of juvenile authorities. The basis of the juvenile delinquency determination there was a charge of misdemeanor theft. Yet, Article 44.09, supra, is discussed in that opinion as well as the holding of the United States Supreme Court that the statute was constitutional in *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975).

"In *Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), the United States Supreme Court stated that

" '[n]o persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraint placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.'

"The Supreme Court's decision represents sound policy.

"Thus, regardless of whether Article 44.-09, supra, can be applied to an extradition appeal, sound policy dictates that an appellate court should not be called upon to determine the merits of a defendant's claim when he is not under restraint. As this Court stated in *Rodriguez v. State,* 457 S.W.2d 555 (Tex.Cr.App.1970):

> " 'One cannot test the propriety of his confinement in jail by escaping from it.
> .   .   .   Remedies, other than escape, are available for procuring through legal process the release of those who are unlawfully held in custody.'

"If this Court were to decide appellant's contentions on their merits, the most it could do would be to order appellant discharged from further restraint by virtue of the Texas Governor's warrant; however, appellant has discharged himself by escaping from custody. Judicial time should not be wasted.

"The State's motion to dismiss should be granted.

> "Respectfully submitted,
>
> /s/   Robert Huttash
> ROBERT HUTTASH
> State Prosecuting Attorney"

The motion is granted. The appeal is dismissed.