Bobby Joe **GRANT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–87–00670–CR.

Court of Appeals of Texas, Dallas.

May 9, 1988.

F. Duncan Thomas, Greenville, for appellant.

Peter S. Chamberlain, Commerce, for appellee.

Before STEPHENS, McCLUNG and THOMAS, JJ.

McCLUNG, Justice.

Bobby Joe Grant appeals his conviction of escape. Appellant argues that there is no evidence to support the conviction, because the definition of escape in the penal code excludes violations of conditions of probation. Because we agree with appellant, we reverse the judgment of the trial court and render judgment for appellant.

At the time of the alleged offense, appellant was on probation under an order of the court which provided:

> [A]s an additional condition of probation [it is ordered] that said defendant be incarcerated in the Hunt County Jail for a period of ninety (90) days ... to begin June 4, 1985.

Appellant began serving his incarceration time in June of 1985. Each day, appellant left the jail on work release to go to his place of employment and he returned to the jail after work. On June 28, 1985, appellant left for work as usual but failed to return to the jail. The State indicted appellant, alleging an "escape effected by failing to return to custody following temporary leave." The only evidence in the record that appellant departed from or failed to return to custody was testimony that appellant failed to return to the jail on June 28, 1985 to complete his jail time.

At the time of the alleged offense, the penal code described the offense of escape as follows:

> A person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody.

TEX.PEN.CODE ANN. § 38.07 (Vernon 1974).

The word "escape" was defined as follows:

> 'Escape' means unauthorized departure from custody or failure to return to custody following temporary leave for a specific purpose or limited period, *but does not include a violation of conditions of probation....*

TEX.PEN.CODE ANN. § 38.01 (Vernon 1974) (Emphasis added).

The Texas Code of Criminal Procedure provides:

> When the court having jurisdiction of the case grants probation to the defendant, ... the court may require *as a condition of probation* that the defendant submit to a period of detention in a penal institution....
>
> The imprisonment imposed shall be treated as *a condition of probation....*

TEX.CODE CRIM.PROC.ANN. art. 42.-12 § 6b(a) & (f) (Vernon Supp.1988) (Emphasis added); TEX.CODE CRIM.PROC. ANN. art. 42.12 § 6b(a) & (b) (Vernon 1979).

It is clear from the language in the Code of Criminal Procedure that the incarceration period which the judge ordered the appellant to serve was a condition of probation. Under the penal code provisions as written, the violation of a condition of probation may subject appellant to proceedings to revoke his probation, but cannot serve as a basis for a conviction for escape. Accordingly, we hold that there was no evidence to support the conviction in this case. We reverse the judgment of the trial court and acquit the appellant.