Louis **LUCIANO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–93–00121–CR.

Court of Appeals of Texas, El Paso.

June 9, 1993.

David C. Guaderrama, El Paso County Public Defender, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Before KOEHLER, BARAJAS and LARSEN, JJ.

**OPINION**

LARSEN, Justice.

This case is before the Court on the State's motion to dismiss under TEX. R.APP.P. 60(b). That rule provides:

> An appeal shall be dismissed on the State's motion, supported by affidavit, showing that appellant has escaped from custody pending the appeal and that to the affiant's knowledge, has not voluntarily returned to lawful custody within the State within ten days after escaping.

The State's supporting documents reveal that defendant Louis Luciano was convicted of criminal mischief on June 1, 1992, and placed on adult probation. One of the terms of his probation was:

> Remain under custodial supervision in a community corrections facility, obey all rules and regulations of such facility, and pay a percentage of your income to the facility for room and board: You shall reside at the Court Residential Treatment Center, 3700 Mattox, El Paso, Texas and remain there until satisfactorily discharged from said program. You shall participate in all programs deemed appropriate, and shall neither voluntarily depart from the premises of said facility without the specific written permission

of a duly authorized staff member of the facility.

The uncontroverted evidence is that Luciano absconded from the Residential Treatment Center on April 8, 1993, and his whereabouts are unknown. Thus, the State urges, we are required to dismiss the appeal under Rule 60(b).

Defense counsel, on the other hand, argues that this is not an "escape from custody" mandating us to dismiss the appeal because the TEX.PENAL CODE ANN. § 38.01(3) (Vernon Supp.1993) defines "escape" to mean:

> [U]nauthorized departure from custody or failure to return to custody following temporary leave for a specific purpose or limited period, but *does not include a violation of conditions of probation or parole.* [Emphasis added].

We must therefore decide, in a case of first impression, whether a probationer's unauthorized departure from a Residential Treatment Center is an "escape from custody" within the meaning of the Texas Rules of Appellate Procedure. We conclude that it is and dismiss the appeal.

Luciano's confinement was clearly a condition of probation, and would therefore not sustain a prosecution for felony escape. *Grant v. State*, 753 S.W.2d 185, 186 (Tex.App.—Dallas 1988, no pet.). Luciano's probation, however, included court-ordered *custodial* supervision in a corrections facility; it required him to obtained written permission from a staff member before he could legally leave the Treatment Center.

The Texas Penal Code defines "custody" as:

> [D]etained or under arrest by a peace officer or *under restraint by a public servant pursuant to an order of a court.* TEX. PENAL CODE ANN. § 38.01(2). [Emphasis added].

*See also Ex Parte Carroll*, 659 S.W.2d 437, 438 (Tex.Crim.App.1983). We think Luciano's probation clearly meets the definition of custody under the Penal Code. *See McWilliams v. State*, 719 S.W.2d 380, 383 (Tex.App.—Houston [1st Dist.] 1986), *rev'd on other grounds*, 782 S.W.2d 871 (Tex.

Crim.App.1990). We hold that this type of confinement, although imposed as a term of probation, nonetheless meets the definitions of "escape from custody" for purposes of the Texas Rules of Appellate Procedure. We see no reason to distinguish escape from probationary custody from escape from jail, prison or other court-imposed restraint.

We therefore dismiss the appeal, as required under TEX.R.APP.P. 60(b).