**Louis LUCIANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 854–93.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 20, 1995.

David C. Guaderrama, El Paso, for appellant.

Jamie A. Pena, John L. Davis, Assistant District Attorneys, El Paso, Robert A. Huttash, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MANSFIELD, Judge.

Texas Rule of Appellate Procedure 60(b) provides in part:

An appeal shall be dismissed on the State's motion, supported by affidavit, showing that appellant has *escaped from custody* pending the appeal and that to the affiant's knowledge, has not voluntarily returned to lawful custody within the State within ten days after escaping. . . .

(Emphasis added.) The issue presented is whether the court of appeals erred in holding that a defendant has "escaped from custody,"

as that phrase is used in Rule 60(b) [1], when he violates a condition of probation by absconding from his mandatory residence at a community corrections facility.

In June of 1992, appellant pled guilty to a charge of criminal mischief and received a one-year probated sentence. On January 11, 1993, appellant's probation was extended to two years. At that time, the conditions of his probation were modified to require appellant to reside in a community corrections facility, with the explicit restriction that he not leave the facility without written permission. Appellant subsequently filed an application for writ of habeas corpus. The trial court granted the writ but denied relief on April 12, 1993. Subsequently, appellant absconded from his residence at the community corrections facility, his whereabouts unknown to either the court or his appellate counsel. The court of appeals found that appellant's actions constituted an "escape from custody," and therefore granted the State's motion to dismiss the pending appeal under Rule 60(b). *Luciano v. State*, 855 S.W.2d 882 (Tex. App.—El Paso 1993). We granted appellant's petition for discretionary review pursuant to Rule 200(c)(2) and will affirm the judgment of the court of appeals.

■ The crucial issue before the court of appeals and now before this Court is whether the term "custody" in Rule 60(b) includes mandatory confinement in a community corrections facility as a probationary condition. The court of appeals answered this question in the affirmative by simply adopting the definition of "custody" provided in section 38.01(2) of the Texas Penal Code.[2] In our view, this type of analysis is incorrect for two reasons. First, the plain language of section 38.01(2) clearly states that particular definition of "custody" is to be applied only to the use of the word "custody" in chapter 38 of the penal code. Second, we are not bound by the definition of term found in codes or statutes when interpreting those terms in our own rules. The Texas Penal Code is a statutory body of law which was created, and is frequently amended, by our state Legislature. Section 38.01(2) is but one example of numerous locations within the penal code where the Legislature has provided a definition for a particular word or phrase in an attempt to define the scope of conduct covered by a particular offense. To that extent, legal definitions provided in the Penal Code are specifically tailored for use within that body of law and, therefore, their meanings may be different from the meanings ascribed to the same words or phrases as they are used in our Rules. For instance, Section 38.01(3) states that:

> In this chapter ... "Escape" means unauthorized departure from custody or failure to return to custody following temporary leave for a specific purpose or limited period, *but does not include a violation of conditions of probation or parole.*

(Emphasis added.) Clearly, the commonly-accepted meaning of "escape" would include situations such as appellant's where an individual violates a court order by absconding from his residence at a community corrections facility without the requisite permission. And yet, this act just as clearly does not constitute the offense of "escape" under Chapter 38 of the penal code, because the Legislature has drafted the definition of "escape" so as to exclude this conduct from criminal prosecution.

■ A more appropriate manner of interpreting the meaning of a word or phrase used in the Texas Rules of Appellate Procedure is to apply its commonly-accepted meaning within the context of the given rule and then determine whether that meaning is consistent with the purpose of the rule. In the context of criminal law, "custody" has been defined as "the detainer of a man's person by virtue of lawful process or authority," Black's Law Dictionary, 6th Ed. (1990), with the comment that:

> In this Chapter ... "Custody" means detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court.
> Note that in the 1995 Penal Code, the definition of "custody" appears in section 38.10(1).

---

**1.** All references to "rules" are to the Texas Rules of Appellate Procedure, unless otherwise noted.

**2.** Section 38.01(2) of the Texas Penal Code (1992) provided:

The term is very elastic and may mean actual imprisonment or physical detention or mere power, legal or physical, of imprisonment or of taking manual possession. *Id.* This definition is obviously a very broad one which would encompass both the forceful, physical restraint of a suspect by a police officer and, as is the case before us, the physical restraint of an individual's liberty by legal order.

■ With this definition in hand, our inquiry now requires us to divine the intended purpose of Rule 60(b). Effective on September 1, 1986, Rule 60(b) was modelled after, and ultimately replaced, a substantially similar provision contained in Article 44.09 of the Texas Code of Criminal Procedure.[3] Although this Court has never before discussed the policies underlying article 44.09 and Rule 60(b), the United States Supreme Court has noted that the "ends served by Art. 44.09" are that "[i]t discourages the felony of escape and encourages voluntary surrenders," while promoting "the efficient, dignified operation of the Texas Court of Criminal Appeals." *Estelle v. Dorrough,* 420 U.S. 534, 537, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377 (1975). We agree with this characterization of the policies underlying the escape-dismissal provision, both in its prior form as Article 44.09 and as it currently exists in Rule 60(b). Of particular note in the instant case is the policy of promoting the "dignified operation" of an appellate court by dismissing the appeal of an individual who has escaped custody. In our view, the dignity of an appellate court is maligned by an appellant who attempts to access the power of the judicial system to reverse a conviction, while at the same time treating with contemptuous disregard the authority of the judiciary to mandate his incarceration. This sentiment, which is not unique to Texas jurisprudence, has been echoed by the United States Supreme Court. In *Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), the Court dismissed the appeal of an appellant who had escaped custody, and noted that "[n]o persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction."

An appellant who has escaped from confinement also infringes upon the "efficient, dignified operation" of our appellate courts by placing those courts in a position where they cannot enforce their judgments. The United States Supreme Court, again, has long asserted such a rationale for dismissal of appeals:

If we affirm the judgment [of the escaped appellant], he is not likely to appear to submit to his sentence. If we reverse it and order a new trial, he will appear or not, as he may consider most for his interest.

*Smith v. United States,* 94 U.S. 97, 24 L.Ed. 32 (1876).

Having established the commonly-accepted definition of "custody" and discussed some of the relevant policies underlying Rule 60(b), the final phase of our analysis is to determine whether a definition of "custody" which includes probationary confinement in a community corrections facility will promote the efficient and dignified operation of this Court and the courts of appeals. We believe that it will. An individual who, during the course of his appeal, violates a court-ordered condition of probation that he submit to supervised confinement in a community corrections facility infringes upon the efficiency and dignity of our appellate courts to the same degree as an appellant who has escaped from confinement in a county jail or the Texas Department of Corrections. In all of these cases, the appellant seeks relief from his conviction through use of the judicial system, while simultaneously spurning the authority of the judiciary to mandate his confinement. Addi-

3. Article 44.09, repealed September 1, 1986, provided as follows:

If the defendant, after giving notice of appeal, makes his escape from custody, the jurisdiction of the court of appeals or the Court of Criminal Appeals shall no longer attach in the case.

Upon the fact of such escape being made to appear, the appropriate court shall, on motion of the attorney representing the state, dismiss the appeal and withdraw any prior opinion ... [unless the defendant voluntarily returns to custody within ten (10) days]....

tionally, an appellate court which renders a judgment adverse to an escaped appellant will have difficulty enforcing that judgment, regardless of whether the appellant absconded from confinement mandated as a condition of probation or confinement as a result of formal imprisonment.

For the reasons discussed above, we hold that the term "custody," as used in Tex. R.App.Proc. 60(b), does include mandatory confinement in a community corrections facility imposed as a condition of probation. Because appellant was in custody, for purposes of the rule, the court of appeals acted properly in granting the State's motion to dismiss.

The judgment of the court of appeals is AFFIRMED.

CLINTON, Judge, concurring.

We are reviewing a judgment of the court of appeals to determine whether, as applicant claims in his sole ground for review:

The court of appeals erred in granting the State's motion to dismiss appellant's appeal, for the reason that appellant had not escaped from custody as contemplated by TRAP 60(b).

See *Luciano v. State*, 855 S.W.2d 882 (Tex. App.—El Paso 1993).[1]

The majority blurs critical facts of this matter on the first page of its opinion. A chronology of events pertinent to resolution of issues presented by the ground for review is collated in the margin.[2] So far as this record shows applicant is still at large.

## I

Early on our caselaw made clear that escape before sentence does not affect the right of appeal nor the jurisdiction of this Court. *McGee v. State*, 445 S.W.2d 187, at 188 (Tex. Cr.App.1969).[3] Then as now the trial court does not lose, and the appellate court does not acquire, jurisdiction until the appellate

---

**1.** A signed order denying relief on habeas corpus is an appealable order regulated by the general rules requiring notice of appeal in criminal cases. See TRAP rules 40(b) and 41(b). Otherwise appellate procedure on habeas corpus is provided in TRAP Rule 44.

Thus the clerk of the court of appeals properly treated this appeal as a "priority" matter in accordance with TRAP Rule 44. Such an appeal is to be heard and determined "upon the facts arising from the record," and the objective of the appeal is "to do substantial justice to the party appealing." *Id.*, 44(b). The appellate court is authorized and mandated to render such judgment and make such orders "as the law and the nature of the case may require." *Id.*, 44(c).

Much of the law regarding dismissal of an appeal on account of escape from custody "pending the appeal," TRAP Rule 60(b), was developed in caselaw construing statutes relative to ordinary appeals from a judgment of conviction. Accordingly, reviewing courts may draw on such germane opinions in deciding habeas matters. See, e.g., *Ex parte Reid*, 581 S.W.2d 686, at 687 (Tex.Cr.App.1979) (extradition); *Ex parte Bradshaw*, 527 S.W.2d 571 (Tex.Cr.App.1975) (bail); *Holliday & Parker v. State*, 482 S.W.2d 215, at 216–217 (Tex.Cr.App.1975) (conviction, citing a host of mixed cases); *Ex parte Wood*, 19 Tex.App. 46 (1885) (bail); see also *Ex parte Pate*, 21 Tex. App. 190, 17 S.W. 460 (1886), and *Pate v. State*, 21 Tex.App. 191, 17 S.W. 461 (1885) (conviction).

**2.** March 19: Court modifies terms and conditions of probation to custodial supervision while applicant resides in Court Residential Treatment Center;

April 5: Applicant applies for writ of habeas corpus, alleging he has discharged term of probation;

April 8: Court hears application; *applicant departs custody;*

April 12: Court signs order denying habeas relief;

April 19: Counsel for applicant gives written notice of appeal from order;

May 4: *Transcript and statement of facts filed;*

May 24: Counsel for applicant submits his brief;

May 26: State moves to dismiss appeal under TRAP Rule 60(b).

June 9: El Paso Court of Appeals dismisses appeal.

Emphasis above and throughout is mine unless otherwise indicated.

**3.** The Court cited, e.g., *Walters v. The State*, 18 Tex.App. 8 (1885). Therein on the same day his motion for new trial was overruled defendant gave notice of appeal; he escaped two days later; the judge had not yet pronounced sentence. Thus the Court held that appellate jurisdiction had not attached to the case at the time of escape because under former article 794, C.C.P.1879, the cause was still pending in the trial court. See also *Hart v. The State*, 14 Tex.App. 323 (1883); *Taylor v. The State*, 14 Tex.App. 340 (1883).

record is filed in the appellate court. Article 44.11, V.A.C.C.P.1965, now TRAP Rule 60(b)(2); *Cushman v. State*, 493 S.W.2d 159 (Tex.Cr.App.1973); *McGee v. State*, supra. Stated conversely, like former statutes the current rule authorizes only the appellate court to dismiss the appeal of a defendant who escapes *after* giving notice of appeal, but not until the record is filed in the appellate court. *Austell v. State*, 638 S.W.2d 888, at 889 and 890 (Tex.Cr.App.1982). This Court consistently distinguished the pre-appeal rule from post-appeal situations. See, e.g., *Webb v. State*, 449 S.W.2d 230 (Tex.Cr.App.1969); *Redman v. State*, 449 S.W.2d 256 (Tex.Cr. App.1970); *Ballage v. State*, 459 S.W.2d 823, at 824 (Tex.Cr.App.1970).

The court of appeals found, and the fact is undisputed, that applicant left custodial supervision on April 8, the day the habeas court heard his application for discharge from probation. *Luciano v. State*, supra, at 883; see note 2, *ante*. The judge presiding signed the order denying relief on April 12. Through counsel, applicant gave written notice of appeal on April 19;[4] the record was not filed until May 4. See note 2, *ante*. Manifestly, then, his appeal was not "pending" on April 8 when appellant "escaped from

custody," as TRAP Rule 60(b) contemplates—indeed, requires—as a condition for an appellate court to acquire exclusive jurisdiction to dismiss an appeal on that ground. *Austell v. State*, supra at 889; *Cushman v. State*, supra; *McGee v. State*, supra, at 189; cf. *Bullock v. State*, 709 S.W.2d 669, at 670 (Tex.Cr.App.1986) (construing former article 44.09 as amended in 1981 to read "after notice of appeal" rather than "pending appeal" as it formerly provided and now in Rule 60(b) again provides).[5]

Facially the State's motion to dismiss appeal was and is without merit. The affidavit in support of its motion plainly reports that on *April 8*, eleven days before notice of appeal and some twenty-five days before the record was filed, applicant "absconded" from custodial supervision and "his whereabouts remain unknown."[6] The court of appeals accepted the same as "uncontroverted evidence." *Luciano v. State*, at 883. Thus the same uncontroverted evidence proves that applicant did not depart from custody "pending the appeal."

Therefore, the determination of the El Paso Court of Appeals that dismissal was "required" under Rule 60(a) is erroneous un-

4. Counsel for applicant asserts that *after* giving notice of appeal he was made aware that his client had left the Court Residential Treatment Center without permission. Appellant's Brief, at 2. In resisting the State's motion to dismiss appeal counsel expressly declines to concede that applicant's departure "constitutes an escape and divests the appellate court of jurisdiction." Response to State's Motion to dismiss Appeal, at 1. His position is that since applicant was still on unrevoked probation his alleged violation cannot be considered an escape under V.T.C.A. Penal Code, § 38.01(3), and thus TRAP Rule 60(b) is not applicable to his situation. Applicant relies on *Grant v. State*, 753 S.W.2d 185, at 186 (Tex. App.—Dallas 1988) no PDR, but the El Paso Court opined that *Grant* lacked distinguishing features controlling the instant cause that meet the definitions of "escape from custody" prescribed in V.T.C.A. Penal Code, § 38.01(2), for purposes of TRAP Rule 60(b). *Luciano v. State*, supra.

5. In crafting TRAP Rule 60(b) we reinstated the clause "pending the appeal" in lieu of "after giving notice of appeal." Statutes and caselaw have long regarded giving notice of appeal as "a *condition* for perfecting an appeal," a necessity

for *invoking* appellate jurisdiction of a court. Former article 44.08, C.C.P.1965; C.C.P.1981. To link State's motion to dismiss an appeal would create a serious conflict with the prevailing operative concept that the trial court retains jurisdiction over the case until the record is filed in the appellate court. TRAP Rule 40(b)(2); former article 44.11, C.C.P.1965. Even in the appellate court the State's motion to dismiss for want of jurisdiction may not be made, filed and docketed until after a transcript is filed. TRAP Rule 72. Furthermore, Rule 60(b) preserves the vast storehouse of precedent developed over decades of judicial construction of statutes expressing basic considerations of public policy concerning the matter. See *Bullock v. State*, 709 S.W.2d 669 (Tex.Cr.App.1986) (Clinton, J., concurring, at 670–671). Moreover, this purely procedural rule does not abridge, enlarge, or modify any "*substantive* rights" of an appealing party within contemplation of V.T.C.A. Government Code, § 22.108(a).

6. The affiant further avers that by virtue of his absconding appellant thus "*violated the terms of his adult probation*," and claims that a bench warrant is needed in order that control may be reasserted over him.

der the facts and the law. *McGee v. State,* supra, at 190 (escape before sentence [or order denying relief] does not affect right of appeal nor jurisdiction of appellate court).[7] See *Ortiz v. State,* 862 S.W.2d 170, at 172–173 (Tex.App.—San Antonio 1993) no PDR; *Marquez v. State* 795 S.W.2d 346 (Tex. App.—Waco 1990) no PDR.

## II

Escape before (or after) an appeal is pending "does not strip the case of its character as an adjudicable case or controversy." *Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970). In his appellate brief counsel for applicant advances three viable points of error against the order of the habeas court denying relief. Putatively he was entitled to have them decided by the court of appeals pursuant to TRAP Rule 44. See *Ex parte Twyman,* 716 S.W.2d 951, at 952 (Tex.Cr.App.1986).

When the habeas court denied relief, effectively remanding him to custody, applicant was then also entitled to be enlarged on bail pending decision on appeal. Article 44.35, V.A.C.C.P.. However, it does not appear from the record that applicant sought bail. The applicable rule in such habeas cases is that in the absence of a showing applicant was in custody or released from custody on bail pending appeal the appellate court is without jurisdiction to entertain the appeal. *Ex parte Dixon,* 452 S.W.2d 453 (Tex.Cr. App.1970); *Ex parte Hawthorne,* 151 Tex. Cr.R. 283, 207 S.W.2d 408 (1948); see generally *Ex parte Quinn,* 549 S.W.2d 198, at 199 (Tex.Cr.App.1977).

For the reasons stated herein the decision of the court of appeals to dismiss the appeal is ultimately sustainable. Accordingly, I join

the judgment of the Court, but not its opinion.

McCORMICK, P.J., and MALONEY and MEYERS, JJ., join.

---

7. In its opinion the majority practically ignores our own statutory scheme and germane caselaw, resorting instead to dictionary definitions and excerpts from inapposite opinions of the Supreme Court of the United States. See *Ortiz v. State,* supra. Also, it cannot fairly be said of applicant that he "maligned the dignity of an *appellate* court" et cetera. Opinion, at 525. Applicant broke custody the day the habeas court denied relief, four days before the judge signed the order and eleven days before his lawyer gave notice of appeal—according to the latter, without knowing applicant had departed. From all appearances, on his own applicant simply took "French leave."