Nos. 04-00-00385-CR, 04-00-00386-CR, 04-00-00387-CR, 


04-00-00388-CR, 04-00-00389-CR & 04-00-00390-CR



Tricia A. BOYD,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law, Kerr County, Texas


Trial Court Nos. CR-97-0017, CR-97-1080, CR-98-0607, 

CR-00-00362, CR-00-00363 & CR-00-0364

Honorable Spencer W. Brown, Judge Presiding


Opinion on State's Motion for Rehearing



Opinion by: Alma L. López, Justice


Sitting: Phil Hardberger, Justice

 Alma L. López, Justice

 Karen Angelini, Justice


Delivered and Filed: June 20, 2001


STATE'S MOTION FOR REHEARING GRANTED; DISMISSED

 This court's opinions and judgment dated March 14, 2001, are withdrawn. The State's
motion for rehearing is granted, and these appeals are dismissed.

 On February 8, 2001, the State filed motions requesting that these appeals be dismissed based
on rule 42.4 of the Texas Rules of Appellate Procedure. That rule requires the court of appeals to
"dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has
escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not,
within ten days after escaping, voluntarily returned to lawful custody within the state." Tex. R. App.
P. 42.4. The State attached an affidavit from the county attorney for Kerr County stating that the
appellant, Tricia Boyd ("Boyd"), had failed to appear at a hearing in another criminal case in
Williamson County and had forfeited her bond in that cause. Because we could find no authority that
mandated an involuntary dismissal where the appellant failed to appear in an unrelated charge in a
different county, we denied the State's motion.

 On March 2, 2001, the State filed an amended motion for involuntary dismissal. The State
attached an affidavit from David W. Havis, who was assigned the supervision of Boyd when she was
released on bond pending these appeals. Boyd's release was conditioned upon her participation in
an electronic monitoring program. A few months after her release, Havis received a package in the
mail containing Boyd's ankle monitor and bracelet. The transmitter also was subsequently returned
to him. Havis stated that he had informed Boyd that she was not allowed to remove or damage the
monitor while she was participating in the electronic monitoring program. Havis concluded, "Given
the above, it is my opinion as Ms. Boyd's Community Supervision Officer that she did violate Judge
Spencer W. Brown's September 26, 2000 Order Releasing Defendant on Conditions in Lieu of Bond
Pending Appeal and that she has absconded. . . . It is also clear that since January 16, 2001, Ms.
Boyd has not been participating in an electronic monitoring program during the pendency of her
appeals as required by the trial judge and by state law as a condition of her remaining free from
incarceration."

 In Luciano v. State, 906 S.W.2d 523, 525 (Tex. Crim. App. 1985), the Texas Court of
Criminal Appeals noted that custody has been defined as the "detainer of a man's person by virtue
of lawful process or authority." (citing Black's Law Dictionary, 6th Ed. (1990)). The comment to
the definition in Black's Law Dictionary states: "The term is very elastic and may mean actual
imprisonment or physical detention or mere power, legal or physical, of imprisonment or of taking
manual possession." Id. The Court noted, "This definition is obviously a very broad one which
would encompass both forceful physical restraint of a suspect by a police officer and, as in the case
before us, the physical restraint of an individual's liberty by legal order." Id. 

 Although Luciano was a case involving a violation of a court-ordered condition of probation
that the individual submit to supervised confinement in a community corrections facility, which was
more of a restraint than electronic monitoring, the Court of Criminal Appeals has interpreted custody
broadly enough to encompass electronic monitoring. Accordingly, when Boyd mailed her electronic
monitoring system back to her probation officer, this was a sufficient escape from custody to trigger
the involuntary dismissal provision of rule 42.4. The State's motion for rehearing is granted, and
these appeals are dismissed.

 Alma L. López, Justice

PUBLISH