# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00780-CR

**Andra Lamont Taylor, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. D-1-DC-12-100001, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State has filed a motion to dismiss the appeal of Andra Lamont Taylor. According to the State, Taylor was released on parole on February 12, 2014, and, as a condition of his parole, was ordered to reside at a halfway house. In an affidavit attached to its motion, the State represents that on March 18, 2014, Taylor left the facility without permission and a parole-revocation warrant was issued that same day. The State further represents that as of July 14, 2014, Taylor has not returned to custody. Additionally, Taylor's appointed counsel on appeal has filed a letter with the Court, explaining that he has been unable to contact or locate his client and has since learned that Taylor's parole has been revoked.[1]

"The appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to

---

[1] Counsel has also filed a motion to withdraw supported by a brief concluding that Taylor's appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967).

lawful custody within the state."[2]  In this context, the court of criminal appeals has defined "custody" as "'the detainer of a man's person by virtue of lawful process or authority,'" and has observed that "'[t]he term is very elastic and may mean actual imprisonment or physical detention or mere power, legal or physical, of imprisonment or of taking manual possession.'"[3]  "This definition is obviously a very broad one which would encompass both the forceful, physical restraint of a suspect by a police officer and . . . the physical restraint of an individual's liberty by legal order."[4]

Here, Taylor's liberty was restrained by virtue of a legal order requiring him to reside at a halfway house as a condition of his parole.  Accordingly, he was in custody for purposes of Rule 42.4.  By leaving the facility without permission, Taylor has escaped custody, and he has not returned within ten days after escaping.  Under these circumstances, we grant the State's motion and dismiss the appeal.[5]

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Dismissed on State's Motion

Filed:  August 7, 2014

Do Not Publish

_____

[2]  Tex. R. App. P. 42.4.

[3]  *Luciano v. State*, 906 S.W.2d 523, 524-25 (Tex. Crim. App. 1995) (quoting Black's Law Dictionary, 6th Ed. (1990)).

[4]  *Id*. at 525.

[5]  We dismiss as moot counsel's motion to withdraw pursuant to *Anders*.