COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| SEAN GARISON MCNERTHNEY, | § | No. 08-23-00012-CR |
| Appellant, | § | Appeal from the |
| v. | § | 226th Judicial District Court |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC# 2020CR11691) |

## MEMORANDUM OPINION

A jury found Appellant Sean Garison McNerthney guilty of assault causing bodily injury against a family member (second offense) and assessed a punishment of imprisonment for three years and six months. After Appellant filed his notice of appeal challenging his conviction, the State filed a motion to dismiss the appeal pursuant to Rule 42.4 of the Texas Rules of Appellate Procedure because Appellant escaped from custody. *See* TEX. R. APP. P. 42.4. No response to the State's motion has been filed and Appellant has not otherwise opposed the motion. For the following reasons, we grant the motion and dismiss the appeal.[1]

---

[1] This case was transferred from our sister court in San Antonio, and we decide it in accordance with the precedent of that court to the extent required by TEX. R. APP. P. 41.3.

Rule 42.4 states that we "must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state." *Id.* When determining whether an appellant has "escaped" under Rule 42.4, we apply the term's commonly accepted meaning. *Hayes v. State*, No. 14-20-00580-CR, 2020 WL 6278598, at *1 (Tex. App.—Houston [14th Dist.] Oct. 27, 2020, no pet.) (mem. op., not designated for publication) (per curiam) (citing *Luciano v. State*, 906 S.W.2d 523, 524–25 (Tex. Crim. App. 1995)). "Custody" means "actual physical detention or imprisonment, as well as the power to actually imprison or take into physical possession." *Id.* (citing *Luciano*, 906 S.W.2d 524–25). "Implicit within each example [of custody] is the notion that the individual is not free to exercise his liberty or that his liberties are being restrained via legal process." *Id.* (citing *Porras v. State*, 966 S.W.2d 764, 765 (Tex. App.—Amarillo 1998, no pet.)). To that end, a defendant who has been released on bond is considered to have his liberties restrained. *Id.* (citing *Ex parte Robinson*, 641 S.W.2d 552, 553–54 (Tex. Crim. App. 1982)).

Here, the record indicates that Appellant, having been on bond during the trial, absconded after the parties completed their voir dire examinations. According to the State's two affidavits filed in support of its motion to dismiss, the trial court subsequently issued a warrant for Appellant's arrest on December 8, 2022. The affidavits state that Appellant is currently located at the Hennepin County Jail in Minnesota and that he has not voluntarily returned to lawful custody in the State of Texas within ten days of escaping from custody. Because Appellant was on bond when he absconded, his liberties were restrained and he was in custody as contemplated by Rule 42.4. *See* Tex. R. App. 42.4; *Hayes*, 2020 WL 6278598, at *1 (defendant who was on bond at the time of escaping was in custody under Rule 42.4). And because the affidavits state that Appellant

2

has not voluntarily returned to lawful custody in Texas within ten days, he has escaped for purposes of Rule 42.4. *See Hayes*, 2020 WL 6278598, at *1 (defendant who failed to appear for court appearance while on bond escaped under Rule 42.4).

For these reasons, we conclude that Appellant has escaped from custody under Rule 42.4 and has not voluntarily returned to lawful State custody within ten days of escaping. We therefore grant the State's motion to dismiss the appeal.


LISA J. SOTO, Justice


June 22, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)