

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00051-CR

---

IN RE JOHN HENRY GARBER

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

John Henry Garber seeks a writ of mandamus compelling the County Court of Delta County to rule on several pro se pretrial motions he filed in three misdemeanor cases.[1]  The face of the record Garber presents to this Court reveals reason to deny his petition:  Garber contends that the trial court has failed to rule when Garber himself has failed to appear.

## I.      Background

Garber's petition complains of eleven motions across three misdemeanor cases.  Garber's petition, with attachments, is twenty-eight pages.  Meaning that the record Garber brings forward is scant, especially in light of the broad relief sought.

Included in the record, Garber brings forward the "REGISTER[S] OF ACTIONS" for three cases in the trial court.  The registers indicate the following information below.

Garber was arrested for displaying a fictitious license plate on May 25, 2024.  He was bonded out of jail on that charge on May 27, 2024.  On November 14, 2024, new cases were filed against Garber, and the trial court set a hearing for December 16, 2024.  Garber did not appear at the hearing, resulting in the trial court issuing a warrant for Garber's arrest.  Thereafter, no entries appear on the registers until a spate of filings, beginning on August 18, 2025.  Those filings are now the subject of Garber's petition.

The registers for the two other cases (both regarding a charge of unlawfully carrying a weapon) likewise show that Garber bonded out of jail on May 27, 2024, new charges were filed,

---

[1]Garber's trial court cause numbers are 24-060-CCCR-0065, 24-060-CCCR-0066, and 24-060-CCCR-0067.

the trial court set a hearing (also on December 16, 2024), Garber did not appear, the trial court issued warrants for Garber's arrest, and thereafter Garber made numerous filings.

There is, however, nothing in the record to indicate that Garber has been re-arrested (or has voluntarily returned to custody and then bonded out again). Indeed, Garber's notice and demand for ruling to the trial court begins by stating that he is "appearing specially[,] and by paper only."

## II.    Standard of Review

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To establish entitlement to mandamus relief, a relator is required to show that the trial court failed to complete a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is considered ministerial "if the relator can show . . . a *clear right to the relief sought.*" *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). A clear right to the requested relief is shown when the facts and circumstances require but "one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d at 122 (quoting *Bowen*, 343 S.W.3d at 810). "Mandamus is not available to compel a discretionary act as distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899

3

(Tex. Crim. App. 1984) (orig. proceeding). The relator also bears the burden to provide a record sufficient to establish his entitlement to relief. *See* TEX. R. APP. P. 52.3(l), 52.7(a); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

In criminal cases, parties seeking a writ of mandamus for a trial court's alleged failure to rule face a presentment requirement (merely filing a motion is not enough, they must ask the trial court for a ruling on that specific motion) and a reasonable time requirement (the trial court must be afforded a reasonable time to rule, even after a motion has been filed and presented to the trial court). *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Hardy*, No. 03-25-00028-CV, 2025 WL 352167, at *1 (Tex. App. Austin Jan. 31, 2025, orig. proceeding) (mem. op.) (citing *In re Blakeney*, 254 S.W.3d at 661). The reasonable time requirement is dependent on the circumstances of each case, and even the trial court's overall docket. *In re Blakeney*, 254 S.W.3d at 663; *In re Hardy*, 2025 WL 352167, at *1. A party seeking mandamus relief has the burden of providing the appellate court with a sufficient record to establish its right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J., concurring).

## III.    Analysis

Mailing in complaints to a court of appeals while you are on the run from the law is rarely successful. *See Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993) ("It has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal."). Under such circumstances, dismissal of the appeal does not abridge the constitutional rights of the appellant. *See id.* at 239–

"[A]n appellate court may employ dismissal as a sanction when a defendant's flight operates as an affront to the dignity of the court's proceedings." *Id.* at 246. The Texas Court of Criminal Appeals has held to the same effect: "In our view, the dignity of an appellate court is maligned by an appellant who attempts to access the power of the judicial system to reverse a conviction, while at the same time treating with contemptuous disregard the authority of the judiciary to mandate his incarceration." *Luciano v. State*, 906 S.W.2d 523, 525 (Tex. Crim. App. 1995).

In a regular appeal, we would be required to dismiss based on an affidavit from the State: "The appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state." TEX. R. APP. P. 42.4. Were we to consider a regular appeal under such circumstances, it would be a waste of judicial resources. *See Lewis v. State*, 698 S.W.3d 264, 265 (Tex. Crim. App. 2024) (per curiam) ("order[ing] the court of appeals to withdraw its opinion" once the State submitted a Rule 42.4 affidavit).

This is not a regular appeal. This is a petition for an extraordinary writ of mandamus. Garber bears the burden to bring forward a complete record and to show a clear right to relief based on the record. Based on the registers, Garber's right to relief is, to put it mildly, unclear.

5

We deny Garber's petition for a writ of mandamus.


                                        Jeff Rambin
                                        Justice


Date Submitted:     April 24, 2026
Date Decided:       April 27, 2026

Do Not Publish