# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00490-CR

---

**Allison Marie Tremblay, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF COMAL COUNTY
### NO. 2022-CR-0939, THE HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

The State has filed a motion to dismiss this appeal under Texas Rule of Appellate Procedure 42.4, which provides in relevant part: "The appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state." Tex. R. App. P. 42.4.

In an affidavit attached to the State's motion, the State's attorney attested that Tremblay's community supervision was revoked on June 4, 2025; that she was sentenced to 120 days' confinement; and that the trial court allowed her to return home to feed her horses, ordering that she turn herself in the next day to begin serving her sentence. The State's attorney averred that Tremblay did not turn herself in or voluntarily return to custody within ten days.

The State's averments are consistent with findings of fact entered by the trial court. The court additionally found that an arrest warrant was issued because of Tremblay's failure to turn herself in, that the warrant was still outstanding, and that Tremblay had been in violation of the court's order for over nine months. The court further found that Tremblay "absconded during the pendency of her appeal in this case" and "escaped from custody pending the appeal."

Discussing a prior version of rule 42.4, the Court of Criminal Appeals has defined "custody" as "'the detainer of a man's person by virtue of lawful process or authority,'" noting that the term "'is very elastic and may mean actual imprisonment or physical detention or mere power, legal or physical, of imprisonment or of taking manual possession.'" *Luciano v. State*, 906 S.W.2d 523, 524–25 (Tex. Crim. App. 1995) (quoting *Custody*, Black's Law Dictionary (6th ed. 1990)). The court explained that the definition "is obviously a very broad one which would encompass both the forceful, physical restraint of a suspect by a police officer and, as is the case before us, the physical restraint of an individual's liberty by legal order." *Id.* at 525; *see Ex parte Ali*, 368 S.W.3d 827, 831 (Tex. App.—Austin 2012, pet. ref'd) ("Concepts of 'confinement' and 'restraint' encompass incarceration, release on bail or bond, release on probation or parole, or any other restraint on 'personal liberty.'" (quoting *Ex parte Davis*, 748 S.W.2d 555, 557 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd))). To prove "escape," it is enough that the record include "some showing that Appellant departed from custody with awareness the departure was not authorized." *Estep v. State*, 901 S.W.2d 491, 495 (Tex. Crim. App. 1995).

Because Tremblay was aware of the trial court's order that she surrender herself to begin serving her sentence on June 5, 2025, but failed to do so, we conclude that the State has

made the requisite showing that she escaped from custody pending her appeal and did not voluntarily return within ten days.  *See* Tex. R. App. P. 42.4.  We grant the State's motion and dismiss the appeal.  *See Hayes v. State*, No. 14-20-00580-CR, 2020 WL 6278598, at *1 (Tex. App.—Houston [14th Dist.] Oct. 27, 2020, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal under rule 42.4 because appellant, who had been released on appeal bond, failed to appear to begin serving sentence).

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Dismissed on State's Motion

Filed:   June 5, 2026

Do Not Publish