Miguel **MONTOYA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1555–92.

Court of Criminal Appeals of Texas, En Banc.

Sept. 20, 1995.

---

Gary A. Udashen, Dallas, for appellant.

Patricia Poppoff Noble, Assistant District Attorney, Dallas, Robert A. Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

A jury convicted Appellant of aggravated sexual assault and assessed punishment at confinement for ninety-nine years. The Court of Appeals affirmed the conviction. *Montoya v. State,* 841 S.W.2d 419 (Tex. App.—Dallas 1992). We granted Appellant's petition for discretionary review to determine whether the Court of Appeals erred in its treatment of Appellant's contention that the evidence was insufficient.

Before trial, the State moved to amend the indictment to allege the complainant's first name was "Lora" instead of "Lisa." The trial court entered an order reflecting the change, but the indictment was never physically altered. See *Ward v. State,* 829 S.W.2d 787 (Tex.Cr.App.1992). On appeal, Appellant contended that the attempted amendment of the indictment was not effective and the evidence was insufficient because of a fatal variance between the complainant's name alleged in the indictment and the proof at trial. The Court of Appeals agreed that the indictment was not effectively amended, but the court characterized this as trial error requiring a reversal and remand for a new trial. *Montoya,* 841 S.W.2d at 423–24. As for the sufficiency of the evidence, the court measured the evidence against the jury charge. The charge required the jury to determine whether the complainant's first name was Lora, consistent with the proof at trial but different from the name as alleged in the indictment. Consequently, the Court of Appeals found the evidence to be sufficient. *Id.* at 422–23.

 When an indictment facially alleges a complete offense, the State is bound by the theory alleged in the indictment, as is the reviewing court in its sufficiency analysis. *Fisher v. State* 887 S.W.2d 49, 57 (Tex.Cr. App.1994). Because the Court of Appeals did not have the benefit of this Court's opinion in *Fisher,* the Court of Appeals' judgment is vacated, and this case is remanded to that court for reconsideration in light of *Fisher.*

KELLER, J., not participating.