Tricia A. **BOYD**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 04–00–00385–CR to
04–00–00390–CR.

Court of Appeals of Texas,
San Antonio.

June 20, 2001.

---

M. Patrick Maguire, Kerrville, for appellant.

David Motley, Kerr County Atty., Kerrville, for appellee.

Sitting HARDBERGER, LÓPEZ and ANGELINI, Justices.

## OPINION ON STATE'S MOTION FOR REHEARING

LÓPEZ, Justice.

This court's opinions and judgment dated March 14, 2001, are withdrawn. The State's motion for rehearing is granted, and these appeals are dismissed.

On February 8, 2001, the State filed motions requesting that these appeals be dismissed based on rule 42.4 of the Texas Rules of Appellate Procedure. That rule requires the court of appeals to "dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state." Tex.R.App. P. 42.4. The State attached an affidavit from the county attorney for Kerr County stating that the appellant, Tricia Boyd ("Boyd"), had failed to appear at a hearing in another criminal case in Williamson County and had forfeited her bond in that cause. Because we could find no authority that mandated an involuntary dismissal where the appellant failed to appear in an unrelated charge in a different county, we denied the State's motion.

On March 2, 2001, the State filed an amended motion for involuntary dismissal. The State attached an affidavit from David W. Havis, who was assigned the supervision of Boyd when she was released on bond pending these appeals. Boyd's release was conditioned upon her participation in an electronic monitoring program. A few months after her release, Havis received a package in the mail containing Boyd's ankle monitor and bracelet. The transmitter also was subsequently returned to him. Havis stated that he had informed Boyd that she was not allowed to remove or damage the monitor while she was participating in the electronic monitoring program. Havis concluded, "Given the above, it is my opinion as Ms. Boyd's Community Supervision Officer that she did violate Judge Spencer W. Brown's September 26, 2000 Order Releasing Defendant on Conditions in Lieu of Bond Pending Appeal and that she has absconded.... It is also clear that since January 16, 2001, Ms. Boyd has not been participating in an electronic monitoring program during the pendency of her appeals as required by the trial judge and by state law as a condition of her remaining free from incarceration."

In *Luciano v. State*, 906 S.W.2d 523, 525 (Tex.Crim.App.1995), the Texas Court of Criminal Appeals noted that custody has been defined as the "detainer of a man's person by virtue of lawful process or authority." (citing Black's Law Dictionary, 6th Ed. (1990)). The comment to the definition in Black's Law Dictionary states: "The term is very elastic and may mean actual imprisonment or physical detention or mere power, legal or physical, of imprisonment or of taking manual possession." *Id.* The Court noted, "This definition is obviously a very broad one which would encompass both forceful physical restraint of a suspect by a police officer and, as in the case before us, the physical restraint of an individual's liberty by legal order." *Id.*

Although *Luciano* was a case involving a violation of a court-ordered condition of probation that the individual submit to supervised confinement in a community corrections facility, which was more of a restraint than electronic monitoring, the Court of Criminal Appeals has interpreted custody broadly enough to encompass electronic monitoring. Accordingly, when Boyd mailed her electronic monitoring system back to her probation officer, this was a sufficient escape from custody to trigger the involuntary dismissal provision of rule 42.4. The State's motion for rehearing is granted, and these appeals are dismissed.