MEMORANDUM OPINION




No. 04-03-00113-CR



Arthur I. PATTON,


Appellant



v.



The STATE of Texas,


Appellee



From the County Criminal Court at Law No. 7, Harris County, Texas


Trial Court No. 1124923


Honorable Pam Derbyshire, Judge Presiding



PER CURIAM


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: May 21, 2003


DISMISSED

 On April 3, 2003, we abated this appeal to the trial court and ordered the trial court to
conduct a hearing to answer the following questions: (1) Does appellant desire to prosecute his
appeal?; (2) Is appellant indigent?; and (3) Has appointed or retained counsel abandoned the appeal?
 The trial court conducted a hearing and issued the following findings: (1) appellant posted an appeal
bond on December 10, 2002; (2) appellant's appeal bond was revoked and a warrant was issued for
appellant's arrest on March 19, 2003, after appellant failed to comply with the conditions of the
appeal bond; (3) appellant is presently a fugitive; and (4) appellant's counsel was permitted to
withdraw on April 14, 2003. The trial court concluded that appellant has abandoned his appeal and
recommended that we dismiss the appeal.

 Rule 42.4 of the Texas Rules of Appellate Procedure permits this court to dismiss an appeal
in a criminal case "on the State's motion, supported by affidavit, showing that the appellant has
escaped from custody pending the appeal and that to affiant's knowledge, the appellant has not,
within ten days after escaping, voluntarily returned to lawful custody within the state." Tex. R. App.
P. 42.4. In this case, the trial court's findings of fact and conclusions of law are sufficient to satisfy
the motion and affidavit requirement of rule 42.4. See Tex. R. App. P. 2 (permitting court to suspend
a rule's operation and order a different procedure to expedite a decision or for other good cause).
In addition, appellant's non-compliance with his appeal bond resulting in the issuance of a warrant
for his arrest is a sufficient escape from custody to trigger the involuntary dismissal provision of rule
42.4. See Boyd v. State, 53 S.W.3d 432, 433 (Tex. App.--San Antonio 2001, no pet.) (holding
appellant's mailing of her electronic monitoring system to her probation officer was a sufficient
escape from custody). This appeal is dismissed.

 PER CURIAM

DO NOT PUBLISH