COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PABLO PONCE, | § | No. 08-07-00311-CR |
| Appellant, | § | Appeal from the |
| v. | § | 409th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#20060D05275) |
| | § | |

**O P I N I O N**

This is an appeal from a conviction for the offense of assault on a public servant. Trial was to the court and the court assessed punishment at six years' imprisonment. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

On November 8, 2006, El Paso Police Officer Michael Licon and his partner, Officer Yvette Guerrero, were on bicycle patrol in downtown El Paso, Texas. The officers observed Appellant urinating in public – a violation of the law. Appellant was drinking beer, although it was not illegal to consume alcohol at that location. The two officers detained Appellant, who appeared very nervous, and told him to relax. There were three other people in the alley. Officer Licon testified that all four individuals were told to sit on the ground for the safety of the two officers. Appellant and two of the individuals presented identification, but the fourth was unable to do so. The officers observed that Appellant's identification did not match his age or appearance. Officer Licon advised Appellant to tell the truth since he was only being held for a Class C ticket. Appellant insisted he was the individual on the license.

While the officers ran the identification in an effort to obtain a cross-reference on the computer, Appellant yelled that he was not going to jail, and he took off running. It took about ten yards for Officer Licon to catch up to him. On the south side of the alley, there was a residence with a brick wall. The officer had to push Appellant up against the brick wall using his body weight. He drew his right arm across Appellant's chin area, and he felt Appellant bite him with his mouth. The bite was painful. The officer pinned Appellant against the wall while Appellant continued to resist. While Officer Guerrero called for assistance on the radio, Officer Licon forced Appellant to the ground in an attempt to subdue and handcuff him. To get Appellant's arms out from underneath him, Officer Licon delivered two short jabs to the kidney area. Appellant released his arms, and the officer was able to handcuff him. They then awaited for transport to the police station. Officer Licon identified several photographs of his injuries and those of Appellant. These photographs, which were taken by Officer Guerrero, were admitted into evidence.

During cross-examination, Officer Licon admitted that he could have called for the identification section to take the pictures, but he did not know if they would have been of better quality. He put Appellant into a modified headlock, but he never placed Appellant in a choke hold. The officer admitted to having been disciplined once previously for placing a headlock on a suspect. In another instance, he was exonerated of the accusation. He also admitted to having had an altercation with another officer at a police station.

When shown the photograph of his bite wound, the officer noticed teeth marks in a circle surrounding what appeared to be a bite wound. He was then shown a set of dental impressions of Appellant's upper and lower teeth made by Dr. Thomas Webb. These impressions were admitted into evidence. The officer stated that the upper teeth impression might have made less than a full circle but he knew he had been bitten. The officer was unaware if Appellant had any dentures, and he was

unable to check Appellant's pockets because Appellant had defecated in his clothes. Officer Licon did not notice that Appellant was in any pain, and he did not think he had injured Appellant when he jabbed him in the kidneys. The bruising on Appellant's face depicted in the photograph occurred when Appellant's face was against the brick wall.

Appellant testified in his own defense. Neither he nor anyone else in the group had urinated in public. The four of them were sitting down when the officers approached and asked for identification. He admitted that he had showed someone else's identification, but he told the officers that he was going to get his I.D. and would bring it back with someone to tell the officers who he was. He denied that he ran; he just moved to the side and was over by the wall when the officer arrested him. Appellant testified that he had surrendered, and had placed his hands behind his back when the officer pushed him against the wall and struck his head against it.

Appellant also claimed that he had suffered injuries during the incident, and that he had received about fifteen blows. He denied biting Officer Licon. He had been taken immediately to INS after being in a cell for just a few minutes. There, Officer Licon told him that he was going to press charges against him for the biting, but the officer did not have a bite mark on his arm as they headed to the immigration office. Appellant was shown the dental impressions. He related that he only had six teeth in the front of his lower jaw and that there were spaces of at least one and a half inches between teeth marks.[1]

## SUFFICIENCY OF THE EVIDENCE

In two issues for review, Appellant contends that the evidence is legally and factually

---

[1] State's Exhibit No. One shows a photograph of a discoloration on Officer Licon's arm with what appears to be several teeth marks. Defense Exhibit No. One shows a photograph of dental impressions of the inside of Appellant's upper and lower mouth. The upper jaw demonstrates a seemingly full set of teeth while the lower jaw shows six teeth in front and a gap extending to the last molar on each side of the mouth.

insufficient to support the conviction. In reviewing the legal sufficiency of evidence, we consider all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). We look at "'events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act.'" *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007), *quoting Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). We must account for "'the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Hooper*, 214 S.W.3d at 13, *quoting Jackson*, 443 U.S. at 318-19.

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Evidence is factually insufficient, if it is so weak that it would be clearly wrong and manifestly unjust to allow the verdict to stand or the finding of guilt is against the great weight and preponderance of the available evidence. *Johnson*, 23 S.W.3d at 11. Therefore, the question we must consider in conducting a factual-sufficiency review is whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination or that the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *See id.*

In performing this review, we are to give due deference to the fact finder's determinations. *See id.* at 8-9; *Clewis,* 922 S.W.2d at 136. The fact finder is the judge of the credibility of the witnesses and may "believe all, some, or none of the testimony . . . ." *Chambers v. State*, 805 S.W.2d

459, 461 (Tex. Crim. App. 1991). Consequently, we may find the evidence factually insufficient only where necessary to prevent a manifest injustice from occurring. *See Johnson*, 23 S.W.3d at 9, 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

The elements of assault on a public servant are that Appellant: (1) intentionally, knowingly, or recklessly (2) caused bodily injury to Officer Licon (3) while knowing he was a public servant (4) who was lawfully discharging an official duty. *See* TEX. PENAL CODE ANN. § 22.01(a)(b) (Vernon Supp. 2009).[2]

Appellant acknowledges that Officer Licon was in uniform and carrying out his official police duties during the course of the incident. But he challenges the State's evidence that the bite occurred on the arm of Officer Licon and that Appellant's teeth made the bite marks. It was necessary for the State to prove that Appellant bit Officer Licon about his body with his mouth. A "mouth" is "the cavity bounded externally by the lips and internally by the pharynx that encloses in the typical vertebrate the tongue, gums, and teeth." *Montoya v. State,* 841 S.W.2d 419, 422 (Tex. App.–Dallas 1992), *rev'd on other grounds,* 906 S.W.2d 528 (Tex. Crim. App. 1995).

We conclude that the evidence was legally sufficient to support the conviction. Officer Licon testified that when he put his arms around Appellant's chin area utilizing a modified headlock, he felt Appellant bite his arm with his mouth. The officer then pulled his arm further across Appellant's chin area to break the bite. He was familiar with what it felt like to be bitten, and the bite was painful. This evidence alone was legally sufficient. *See Gomer v. State,* No. 05-02-00771-CR, 2003 WL

---

[2] The indictment provided:

[O]n or about the **8th day of November, 2006**, . . . in the County of El Paso and State of Texas, **PABLO PONCE**, . . . did then and there intentionally, knowingly, and recklessly cause bodily injury to **MICHAEL LICON**, a person the Defendant knew was a public servant, to-wit: **A city of El Paso Police Officer, by biting MICHAEL LICON about the body with Defendant's mouth**, and said offense was committed by Defendant while the said **MICHAEL LICON** was lawfully discharging an official duty . . . .

21525312, at *4 (Tex. App.–Dallas July 8, 2003, no pet.) (not designed for publication).

We also conclude that the evidence was sufficient to demonstrate that the biting occurred, and that Appellant bit the officer. The court was free to disbelieve Appellant's testimony, and to believe the testimony of the officer. The officer's testimony indicated that he was bitten during the altercation, and there was a photograph of his arm indicating teeth marks as testified to by both Appellant and the officer. Opposed to this evidence are Appellant's denials and the assertion that the bite marks could not have been caused by Appellant's mouth given the dental impressions. The court could well have believed that the teeth in the upper jaw caused the bite marks or that the marks on the arm did indeed coincide with the dental impressions.

Appellant contends that it was incumbent upon the State to provide expert testimony to demonstrate that Appellant's teeth could have caused the injury. He cites *Chaney v. State,* 775 S.W.2d 722, 725 (Tex. App.–Dallas 1989, pet. ref'd) in support of his contention. There, the State utilized a dental expert to demonstrate the defendant's guilt by matching his bite with bite marks found on one of the victims. There was no other evidence connecting the defendant to the crime. *Id.* Here, the court was able to view the photographs and the demeanor of the witnesses. Viewing the evidence in the light most favorable to the verdict, we find the evidence legally sufficient to support the conviction. Viewing the evidence in a neutral light, the evidence is not greatly outweighed by contrary proof. Accordingly, we overrule Issues One and Two and affirm the judgment of the trial court.

ANN CRAWFORD McCLURE, Justice

November 4, 2009

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating

(Do Not Publish)