**Opinion filed August 31, 2012**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-11-00339-CR & 11-11-00368-CR

_____

## BIANCA RENEE PINEDA, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause Nos. CR38351 & CR38350**

## M E M O R A N D U M   O P I N I O N

In each cause, the jury convicted appellant, Bianca Renee Pineda, of the offense of theft by repetition. The trial court assessed her punishment at confinement in a state jail facility for twelve months and two years, respectively, with the sentences to run consecutively. Appellant timely filed notices of appeal. We dismiss the appeals.

The State has filed motions seeking the involuntary dismissal of both appeals pursuant to TEX. R. APP. P. 42.4. Rule 42.4 provides: "The appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody

pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state."

Attached to each of the State's motions is an affidavit of Priscilla Bonilla, who is the supervising officer for Midland County Pretrial Services Department. Bonilla avers that, after the convictions at issue in these appeals, appellant was released on appeal bonds on November 28 and December 14, 2011, respectively. As a condition of her release, the trial court in each case ordered that appellant wear an electronic GPS monitoring device. The monitor was placed on appellant's leg on November 28, 2011. After receiving "a strap tamper alert" on January 17, 2012, a pretrial services officer attempted to call appellant several times but received no response. Appellant's mother, the cosigner on the bonds, returned the GPS monitor and charger to the pretrial services department, stating that appellant had removed the monitor. Appellant's mother also said that she could not locate appellant. Bonilla stated in her affidavits that appellant has not contacted Bonilla's office as directed and that, as of July 31, 2012, appellant remained unreachable. Attached to Bonilla's affidavits are certified copies of the trial court's orders revoking appellant's bail and directing a warrant to be issued for appellant's arrest. Also attached to the affidavit in each case is a certified copy of a warrant for appellant's arrest.

Rule 42.4 provides for a dismissal when an appellant has "escaped from custody." The Texas Court of Criminal Appeals has interpreted the definition of custody for purposes of the Rules of Appellate Procedure as being a "very broad one which would encompass both the forceful, physical restraint of a suspect by a police officer and . . . the physical restraint of an individual's liberty by legal order." *Luciano v. State*, 906 S.W.2d 523, 525 (Tex. Crim. App. 1995). This broad definition of custody "encompass[es] electronic monitoring." *Boyd v. State*, 53 S.W.3d 432, 433 (Tex. App.—San Antonio 2001, no pet.). Following the court's opinion in *Boyd*, we hold that, although appellant was not physically in custody after she had been released on her appeal bonds, her liberty was physically restrained by legal orders of the trial court that required her to wear an electronic GPS monitoring device. Appellant "escaped from custody" when she removed her electronic GPS monitoring device on January 17, 2012, and absconded. *See id.* Bonilla's affidavits also indicate that appellant did not voluntarily return within ten days after escaping. The requirements of Rule 42.4 have been met.

Accordingly, the State's motions to dismiss are granted, and the appeals are dismissed.


PER CURIAM


August 31, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.