Opinion filed August 31,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-11-00339-CR & 11-11-00368-CR

                                                    __________

 

                               BIANCA
RENEE PINEDA, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 385th District Court

 

                                                          Midland
County, Texas

 

                                       Trial Court Cause
Nos. CR38351 & CR38350

 



 

                                            M
E M O R A N D U M    O P I N I O N

            In
each cause, the jury convicted appellant, Bianca Renee Pineda,
of the offense of theft by repetition.  The trial court assessed her
punishment at confinement in a state jail facility for twelve months and two
years, respectively, with the sentences to run consecutively.  Appellant timely
filed notices of appeal.  We dismiss the appeals.

            The
State has filed motions seeking the involuntary dismissal of both appeals
pursuant to Tex. R. App. P.
42.4.  Rule 42.4 provides: “The appellate court must dismiss an appeal on the
State’s motion, supported by affidavit, showing that the appellant has escaped
from custody pending the appeal and that to the affiant’s knowledge, the
appellant has not, within ten days after escaping, voluntarily returned to
lawful custody within the state.”  

Attached
to each of the State’s motions is an affidavit of Priscilla Bonilla, who is the
supervising officer for Midland County Pretrial Services Department.  Bonilla
avers that, after the convictions at issue in these appeals, appellant was
released on appeal bonds on November 28 and December 14, 2011,
respectively.  As a condition of her release, the trial court in each case
ordered that appellant wear an electronic GPS monitoring device.  The monitor
was placed on appellant’s leg on November 28, 2011.  After receiving “a strap
tamper alert” on January 17, 2012, a pretrial services officer attempted to
call appellant several times but received no response.  Appellant’s mother, the
cosigner on the bonds, returned the GPS monitor and charger to the pretrial
services department, stating that appellant had removed the monitor. 
Appellant’s mother also said that she could not locate appellant.  Bonilla
stated in her affidavits that appellant has not contacted Bonilla’s office as
directed and that, as of July 31, 2012, appellant remained unreachable.  Attached
to Bonilla’s affidavits are certified copies of the trial court’s orders
revoking appellant’s bail and directing a warrant to be issued for appellant’s
arrest.  Also attached to the affidavit in each case is a certified copy of a
warrant for appellant’s arrest.  

Rule
42.4 provides for a dismissal when an appellant has “escaped from custody.”  The
Texas Court of Criminal Appeals has interpreted the definition of custody for
purposes of the Rules of Appellate Procedure as being a “very broad one which
would encompass both the forceful, physical restraint of a suspect by a police
officer and . . . the physical restraint of an individual’s liberty by legal
order.”  Luciano v. State, 906 S.W.2d 523, 525 (Tex. Crim. App. 1995).  This
broad definition of custody “encompass[es] electronic monitoring.”  Boyd v.
State, 53 S.W.3d 432, 433 (Tex. App.—San Antonio 2001, no pet.).  Following
the court’s opinion in Boyd, we hold that, although appellant was not
physically in custody after she had been released on her appeal bonds, her
liberty was physically restrained by legal orders of the trial court that
required her to wear an electronic GPS monitoring device.  Appellant “escaped
from custody” when she removed her electronic GPS monitoring device on January
17, 2012, and absconded.  See id.  Bonilla’s affidavits also indicate
that appellant did not voluntarily return within ten days after escaping.  The
requirements of Rule 42.4 have been met.  




 

Accordingly,
the State’s motions to dismiss are granted, and the appeals are dismissed.  

 

 

                                                                                                PER
CURIAM

 

August 31, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill.[1]









                [1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.