

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00075-CR

PEDRO CRUZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2012-434,832, Honorable John J. "Trey" McClendon, Presiding

January 15, 2014

## OPINION ON MOTION TO DISMISS

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Before us is a motion brought under appellate rule 42.4 by the State[1] seeking the

involuntary dismissal of the appeal of appellant Pedro Cruz on the ground that he

---

[1] According to a certificate of service, the State's motion for involuntary dismissal of the appeal was served on Cruz's court-appointed counsel on December 16, 2013. We held the motion for ten days, but Cruz made no response. TEX. R. APP. P. 10.3(a).

escaped from custody and did not voluntarily return to custody within ten days.[2] Finding the State's proof insufficient, we will deny the motion.

Represented by retained counsel, Cruz entered an open plea of guilty to a charge of driving while intoxicated, third offense or more, was convicted and sentenced to six years' confinement in prison.[3] Cruz filed a notice of appeal. He also posted an appeal bond[4] dated February 27, 2013, and by order of the trial court signed April 9, was released on conditions that included weekly reporting to the community supervision department.

Still represented by retained counsel on appeal, Cruz's brief was due May 22. On his counsel's motion, we extended this deadline until June 21. A brief was not filed but on June 24 Cruz's counsel filed a motion to withdraw from representation.[5] We granted the motion by letter of July 18. The letter also notified Cruz that his appellate brief was due on or before August 19. He did not file a brief.

Cruz was notified by an August 26 letter from the Court that his brief was past due. The letter extended the deadline for filing the brief until September 5. Cruz responded, mailing a *pro se* motion on September 4, in which he acknowledged our August 26 letter and that his brief was due by September 5. He requested an extension

---

[2] TEX. R. APP. P. 42.4.

[3] TEX. PENAL CODE ANN. §§ 49.04; 49.09 (West Supp. 2013).

[4] TEX. CODE CRIM. PROC. ANN. art. 44.04(a) (West 2006).

[5] In his motion, counsel stated he could find no arguable appellate issue.

2

of the briefing deadline until October 4, stating, "Appellant intends to file a brief with or without counsel." We granted the requested extension.

When Cruz did not file a brief or a motion requesting a further extension of time, we sent him a letter on October 14, giving him ten additional days to file his brief along with the required motion for extension. Our letter also stated we would abate the appeal and remand the case to the trial court without further notice if he failed to comply. In a November 14 opinion, we abated and remanded the case for the trial court's consideration of Cruz's appellate representation.

The trial court conducted a hearing on December 13. Having been arrested earlier in the week for failure to comply with the reporting obligation of his appeal bond, Cruz appeared at the hearing. At the end of the hearing, the State made the trial court aware it intended to file a motion in this Court to dismiss the appeal. After the hearing, the trial court appointed appellate counsel for Cruz.

The State filed its motion to dismiss shortly after the trial court's hearing. Attached to the State's motion is an affidavit signed by a community supervision officer, reciting that Cruz was obligated by the trial court's order to report weekly to the community supervision department's pre-trial services office. Cruz was placed on the officer's caseload. According to the officer, Cruz failed to report from October 14, until he was arrested on a bond surrender warrant on December 10. The officer adds that he spoke with Cruz by telephone on November 6, "and explained to him that he needed to report . . . ." Nevertheless, Cruz did not resume reporting.

Our chief consideration here is whether the affidavit demonstrates Cruz escaped from custody. Appellate Rule 42.4 provides:

> The appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state.

TEX. R. APP. P. 42.4. It is said that the term "custody" is "very elastic," meaning actual imprisonment or physical detention or mere power, legal or physical, of imprisonment or of taking manual possession. *Luciano v. State,* 906 S.W.2d 523, 524-525 (Tex. Crim. App. 1995). In other words, it includes restraint of an individual's liberty by legal order. *Id.* at 525. The court in *Luciano* also determined the term "escape" in the context of what is now appellate rule 42.4 is not limited to the Penal Code definition, and applied to Luciano's action of absconding from a community corrections facility in which he was required to reside as a condition of his probation. *Id.* at 524-25. En route to its conclusion Luciano had escaped from custody by absconding from the community corrections facility, the court discussed the policies underlying the "escape-dismissal provision." Noting that the underlying policies include that of promoting the "dignified operation" of an appellate court, the court stated that an individual escaping from supervised confinement as a condition of probation infringed on the dignity of the appellate courts to the same degree as one escaping from jail or prison confinement. *Id.* at 525-26. The court further noted the difficulty an appellate court would have enforcing an adverse judgment against the absconded appellant. *Id.* at 526. Courts also have defined the term "escape" as getting "oneself free from confinement or control." *Russell v. State,* 90 S.W.3d 865, 870 (Tex. App.—San Antonio 2002, pet.

4

refused) (citing *Estep v. State,* 901 S.W.2d 491, 495 (Tex. Crim. App. 1995)). Based on the rationale outlined in *Luciano*, we have applied appellate rule 42.4 to appellants who absconded while released on appeal bond. *Porras v. State,* 966 S.W.2d 764, 765 (Tex. App.—Amarillo 1998, no pet.); *Oliver v. State,* 07-11-00405-CR, 2012 Tex. App. LEXIS 3465 (Tex. App.—Amarillo May 2, 2012, no pet.) (mem. op. not designated for publication) (applying *Porras*).

Weekly reporting to the community supervision office was a condition of Cruz's release during the pendency of his appeal. From the officer's affidavit, we infer that for several months he did so without problem. His release was subject to other conditions also, including payment of a monthly supervision fee, submission to random urinalysis, and abstention from driving. We are not shown whether Cruz violated any of these additional conditions.

The evidence of Cruz's escape from custody does not rise to the level presented in other cases in which we have dismissed the appeal of an appellant released under an appeal bond. In *Porras,* 966 S.W.2d at 765, we said the appellant "has disappeared," and "was on bond when he departed for places unknown." In *Oliver*, the surety's affidavit showed Oliver "could not be located," and his family was unable to find him; other evidence showed he did not appear for a hearing in the trial court. 2012 Tex. App. LEXIS 3465. The facts were similar in *Luciano*, 906 S.W.2d at 524, where the court said "appellant absconded from his residence at the community corrections facility, his whereabouts unknown to either the court or his appellate counsel." *See also Moss v. State,* No. 05-06-00556-CR, 2006 Tex. App. LEXIS 6470, at *2, 3 (Tex. App.—Dallas July 25, 2006, no pet.) (mem. op., not designated for publication) (appellant did not

surrender to the sheriff's office on the specific date required by the trial court "and remain[ed] at large"); *Anderson v. State,* No. 14-02-00421-CR, 2002 Tex. App. LEXIS 6684, at *2 (Tex. App.—Houston [14th Dist.] Sept. 12, 2002, no pet.) (per curiam, mem. op., not designated for publication) (prosecutor informed appellate court "appellant's whereabouts are unknown and several attempts to execute a warrant to return him to custody have been unsuccessful"); *Boyd v. State,* 53 S.W.3d 432, 433 (Tex. App.—San Antonio 2001, no pet.) (appellant's release was conditioned on electronic monitoring; court held when appellant "mailed her electronic monitoring system back to her probation officer, this was a sufficient escape from custody to trigger the involuntary dismissal provision of rule 42.4"); *Cano v. State,* No. 07-00-0272-CR, 2001 Tex. App. LEXIS 1373, at *2, 4 (Tex. App.—Amarillo Mar. 1, 2001, no pet.) (not designated for publication) (appellant failed to surrender to bondsman and "remain[ed] a fugitive").

The affidavit supplied us in this case does not show Cruz departed for places unknown, or could not be located. We are similarly unable to see in these facts the challenge to the dignified operation of our court that is presented when an appellant absents himself and places himself beyond the control of the court. Nor can we see that Cruz's failure to report, standing alone, shows we would have difficulty enforcing an adverse judgment against him.

The signature block on Cruz's September 4 motion for additional time contained a Lubbock address.[6] The community supervision officer reached Cruz by telephone on

---

[6] We note also the conditions of appellant's appeal bond did not include a geographic limitation on his whereabouts.

November 6.  After the warrant for his arrest was issued, Cruz was promptly arrested the next day.

Although we are not directly informed of the causes of Cruz's failure to report on October 14 and following weeks, our own records show that his failure to report followed his counsel's failure to file a brief, our approval of his counsel's withdrawal from representation, Cruz's subsequent failure to file a brief despite his expressed intention to do so, and our contemporaneous notice of our intention to return the case to the trial court if a brief was not filed.[7]  And, as noted, we did abate the appeal and remand the case to the trial court on November 14.

We do not suggest Cruz's failure to report was justified.  He violated a condition of his release, and has paid the price for that violation by his arrest on a bond surrender warrant.  But the consequence of failing to comply with the conditions of an appeal bond is not our question.  And we must guard against blurring the line between that determination, properly made by the trial court, and the issue before us, whether we are required by rule to dismiss Cruz's appeal because he escaped from custody.  We conclude on these facts we are not required to dismiss his appeal.

Moreover, the actions of the trial court at its hearing on December 13, conducted with Cruz present, have placed the appeal back on track.  The trial court then determined Cruz still desired to pursue his appeal, and was indigent and entitled to appointed counsel.  The court appointed counsel for the appeal.

---

[7] The abatement and remand for a hearing were, of course, required by appellate rule.  TEX. R. APP. P. 38.8(b).

Finding the affidavit accompanying the State's motion under rule 42.2 does not support the mandatory dismissal of the appeal based on an escape from custody during the pendency of the appeal, we deny the State's motion.

Cruz's appellate brief shall be filed within thirty days of the date of this opinion.

Per Curiam

Publish.