

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00075-CR

PEDRO CRUZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2012-434,832, Honorable John J. "Trey" McClendon, Presiding

August 13, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Pedro Cruz, Jr., appeals his conviction for the offense of driving while intoxicated[1] and the resulting six-year sentence of imprisonment, imposed after his open plea of guilty to the trial court. Through two issues, appellant contends his due process rights were violated. We will affirm.[2]

---

[1] TEX. PENAL CODE ANN. § 49.04 (West Supp. 2014).

[2] We previously denied the State's motion to dismiss the appeal pursuant to appellate rule 42.4. Tex. R. App. P. 42.4; *Cruz v. State*, 426 S.W.3d 796 (Tex. App.—Amarillo 2014, no pet.) (per curiam).

Background

Appellant does not challenge on appeal the sufficiency of the evidence to support his conviction and sentence. Accordingly, we will relate only those facts necessary to disposition of his appellate issues.

Appellant was arrested for driving while intoxicated on March 30, 2012. He posted bond and was released from custody the next day. He remained on bond until sentencing. In May 2012, appellant was charged via indictment with the felony offense of driving while intoxicated. The indictment also included an enhancement paragraph. In October 2012, appellant entered an open plea of guilty to the trial court, plead "true" to the enhancement paragraph, and signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." Following a later one-day punishment hearing, appellant was sentenced to six years of imprisonment by the trial court. Appellant filed a motion for new trial on the sole ground that "[t]he trial court abused its discretion in not following the recommendations contained in the pre-sentence investigation report." This appeal followed.

Analysis

On appeal, appellant contends his due process rights were violated because the clerk of the court failed to have him served with a certified copy of the indictment[3] and

---

[3]Article 25.01 of the Code of Criminal Procedure provides:

In every case of felony, when the accused is in custody, or as soon as he may be arrested, the clerk of the court where an indictment has been presented shall immediately make a certified copy of the same, and deliver such copy to the sheriff, together with a writ directed to such sheriff, commanding him forthwith to deliver such certified copy to the accused. TEX. CODE CRIM. PROC. ANN. art. 25.01 (West 2009).

because the trial court failed to arraign him.[4] We agree with the State's position that appellant has failed to preserve these issues for our review.[5]

Appellant first asserted constitutional due process objections concerning the trial court clerk's failure to cause him to be served with a copy of his indictment, and the trial court's failure to arraign him, in his appellate brief to this Court. Neither issue was brought to the attention of the trial court. The rules that govern our review of issues brought on appeal require, as a prerequisite to presentation of the complaint on appeal, that the record show the complaint was made to the trial court by a timely request, objection or motion, and the court ruled adversely or refused to rule. TEX. R. APP. P. 33.1(a); *Geuder v. State,* 115 S.W.3d 11, 13 (Tex. Crim. App. 2003) (applying Rule 33.1); *Sprayberry v. State,* No. 02-10-00315-CR, 2012 Tex. App. LEXIS 3303, at *21-22 (Tex. App.—Fort Worth April 26, 2012, pet. ref'd) (mem. op., not designated for publication) (error preservation generally applies to constitutional errors).

We must conclude appellant, by failing to raise in the trial court his due process complaints concerning the failure to receive a copy of the indictment and the failure to

_____

Article 25.03 provides:

> When the accused, in case of felony, is on bail at the time the indictment is presented, it is not necessary to serve him with a copy, but the clerk shall on request deliver a copy of the same to the accused or his counsel, at the earliest possible time. TEX. CODE CRIM. PROC. ANN. art. 25.03 (West 2009).

[4] Article 26.01 of the Code of Criminal Procedure states, "In all felony cases, after indictment, and all misdemeanor cases punishable by imprisonment, there shall be an arraignment." TEX. CODE CRIM. PROC. ANN. art. 26.01 (West 2009). An attorney representing a defendant may present a waiver of arraignment, and the clerk of the court may not require the presence of the defendant as a condition of accepting the waiver. TEX. CODE CRIM. PROC. ANN. art. 26.011 (West 2009).

[5] The State also argues the law did not require that appellant be served with a copy of the indictment because he was on bail at the time the indictment was presented. And the State argues appellant expressly waived arraignment in his Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession.

be arraigned, has forfeited those issues. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (also finding denial of due process claim forfeited when not preserved at trial); *Sprayberry,* 2012 Tex. App. LEXIS at *21-22 (finding claim of constitutional violation from failure to serve defendant with copies of indictments forfeited without timely objection). Accordingly, we overrule appellant's issues and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.